# Robbins, Appellant, *v.* Jay.

*Affidavit of defense—Practice, C. P.—Contract.*

In an action of assumpsit to recover money received by the defendant,
the plaintiff is not entitled to summary judgment where the affidavit of
defense contains averments which tend to show that the plaintiff had no
direct dealings or contract with the defendant, that there was no subsist-
ing relation requiring good faith on the part of one toward the other, that
if the plaintiff parted with his money he did not do so on the faith of any-
thing done or promised to be done by the defendant, and that he had in no
way been overreached by any design or conniving of the defendant.

Argued Jan. 10, 1905. Appeal, No. 16, Jan. T., 1905, by
plaintiff, from order of C. P. Luzerne Co., Dec. T., 1903, No.
48, discharging rule for judgment for want of a sufficient affi-
davit of defense in case of I. Robbins v. Stephen Jay. Before
RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON
and HENDERSON, JJ. Affirmed.

Assumpsit for money had and received.

The plaintiff, I. Robbins, seeks to recover of the defendant,

Stephen Jay, the sum of $700, with interest from May 5, 1898, upon the following statement:

In February, 1898, the defendant, Stephen Jay, being the owner in fee of a lot of land situate in the borough of Forty. Fort, county aforesaid, and state of Pennsylvania, bounded and described as follows : Beginning on the easterly side of Wesleyan avenue at a corner of lands contracted to George E. Devans; thence along said land north thirty-eight degrees fifty minutes, east 171 feet more or less to a corner on an alley; thence along said alley south fifty-one degrees. ten minutes, east fifty feet to a corner on line of lands now or late of Mrs. F. C. Hansen ; thence along said lands south thirty-eight degrees fifty minutes, west 171 feet more or less to Wesleyan avenue aforesaid ; thence along said avenue north fifty-one degrees ten minutes, west fifty feet to the place of beginning; which land was conveyed to defendant by C. D. Thomas and wife by deed dated October 14, 1884, and recorded in the office of recording of deeds in and for Luzerne county in deed book No. 286, page 524,—agreed to sell the same to George E. Devans for the sum of $700, that in pursuance of this agreement, defendant and his wife executed a deed for the premises above described, dated February 14, 1898, and acknowledged February 21, 1898, and delivered the same to E. D. Nichols, Esq., to be by him delivered to the grantee upon the payment of the purchase money.

On May 10, 1898, said E. D. Nichols erased from said deed the name of the grantee (Devans), and substituted the name of E. M. Yost. The deed was then delivered to D. E. Baxter, Esq., who paid E. D. Nichols the sum of $700, the consideration named in the deed, which $700 was furnished not by E. M. Yost, but by the said I. Robbins, plaintiff. The said $700 was duly paid over to the said Stephen Jay, the defendant. On the same day, May 10, 1898, Yost executed and acknowledged the deed for the premises above described to the present plaintiff, Yost paying nothing for the alleged conveyance to himself, and receiving nothing from Robbins.

Plaintiff avers that the said erasure of the name of Devans and the substitution of Yost, in the deed executed by Jay and wife aforesaid, rendered the instrument invalid and gave the said Yost no title whatever, and that he, the said plaintiff,

took no title under the deed executed and delivered by the said Yost to him.

Plaintiff further avers that he paid the said $700 under a mistaken belief that he would obtain a good title to the premises above described, but by reason of the said spoliation of the deed as above set forth, which spoliation the plaintiff did not, and could not discover by the exercise of reasonable diligence, he took no title whatever, and that the said consideration for the said $700, purchase money, has absolutely failed, and that the said Stephen Jay, the defendant, has the same title to the land for which the plaintiff paid the $700, as he had before said payment was made ; and also the defendant has the purchase money aforesaid ; that the retention of the said money by the said Stephen Jay is against equity and good conscience, and that the said Stephen Jay is not justly and legally entitled to it.   And although the plaintiff, I. Robbins, has notified the defendant, Stephen Jay, that he, the said Stephen Jay, has plaintiff's money, to wit: the purchase money aforesaid, and although plaintiff has demanded the return of said money, yet the defendant has refused and still refuses to repay the same.

The affidavit of defense was as follows :

Stephen Jay, the defendant in the above case, being duly sworn according to law, deposes and says that he has a just, true, full, and legal defense to the whole of the plaintiff's claim of the following nature and character, to wit :

That the lands described in the plaintiff's declaration was at one time owned by him.   He denies that he purchased the same from C. D. Thomas and wife.   He admits that he contracted to sell the same to George Devans for the sum of $700, and that he, the said defendant, and his wife, did execute a deed for said described premises, and does not deny that the deed was dated February 14, 1898, as alleged and acknowledged as alleged.

The defendant also states that E. D. Nichols wrote him, February 10, that George E. Devans had arranged to get $700 with which to pay for said lot, stating that he desired the deed that he might draw up a bond and mortgage ; thereupon the defendant delivered the deed to E. D. Nichols for said George E. Devans.   That about the middle of May, E. D. Nichols sent the defendant his personal check for purchase money of

the lot. That as to any change or erasure in the deed, if any were made, such change was made without the knowledge or consent of the defendant. That no other transfer of the land was made with the knowledge or consent of the defendant.

The defendant further states that neither E. M. Yost nor I. Robbins paid him any money whatsoever for said land nor for any other purpose.

The defendant further deposes that the said George E. Devans, pursuant to his contract with the defendant, entered into possession of the said lands and made valuable improvements, to wit : a double frame dwelling or block of two dwellings.

The defendant is informed and verily believes and expects to prove, on the trial of the cause, that the said Devans did not fully pay for all the material that was used in said buildings and that mechanics' liens were filed and the lands and buildings were sold from said Devans, to pay for the material used in making said improvements.

The defendant claims that he had no agreement or dealing with I. Robbins and received no money from him whatever.

The court discharged rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. Alfred Valentine*, with him *G. Fred Lazarus*, for appellant.

*D. O. Coughlin*, for appellee.

OPINION BY BEAVER, J., April 17, 1905 :

No reasons are given by the court below for discharging the rule for judgment for want of a sufficient affidavit of defense. Taking the facts as alleged in the statement of claim and affidavit of defense together, however, it is not difficult to perceive the ground upon which the court bases its action.

The plaintiff and defendant had no direct dealings of any kind. No contract existed between them and there was no subsisting relation requiring good faith on the part of the one toward the other. If the plaintiff parted with his money,

he apparently did not do so on the faith of anything done or promised to be done by the defendant. If he was overreached in any way, it was evidently not by any design or conniving of the defendant. Whether his action be assumpsit for violation of a contract, or money had and received, or trespass for a deceit practiced upon him, we fail to see how the defendant could be liable in either event upon the facts as set forth in the statement and affidavit of defense. There is a lack of clearness—arising from the failure on the part of the plaintiff to set out all the facts involved in the transaction upon which he bases his right of recovery. These omissions are only partially supplied by the affidavit of defense. Taking the case as it stands, however, solely upon the pleadings, we are convinced that the court below was entirely justified in discharging the rule for judgment for want of a sufficient affidavit of defense and that the facts disclosed by the pleadings justified the submission of the case to a jury, so that those which are undisclosed, but evidently involved, may be fully brought to light.

The order of the court below is affirmed and the appeal dismissed without prejudice, etc.